# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MESSAGING GATEWAY SOLUTIONS LLC, § § § Plaintiff, § § v. § § CLICKATELL, INC., § § Defendant. § § § § | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Strategic Intellectual Solutions LLC ("MGS") files this Original Complaint against Clickatell, Inc. ("Clickatell" or "Defendant") for infringement of U.S. Patent Nos. 8,260,329 ("the '329 patent") and 8,750,183 ("the '183 patent").

## THE PARTIES

1. Messaging Gateway Solutions LLC ("MGS") is a Delaware limited liability company, having a place of business at 1679 South Dupont Highway, Suite 100, Dover, Delaware 19901.

2. Clickatell, Inc. is a Delaware corporation with its principal place of business in Redwood City, California. Clickatell may be served with process through its registered agent The Corporation Trust Company, Corporate Trust Center 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Clickatell does business in the State of Delaware.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns infringement of a United States patent.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Delaware residents. Further, this Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware and has purposefully availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,260,329)

7. MGS incorporates paragraphs 1 through 6 herein by reference.

8. MGS is the assignee of the '329 patent, entitled "Mobile-Originated to HTTP Communications," with ownership of all substantial rights in the '329 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '329 patent is attached as Exhibit A.

9. The '329 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10. Defendant has directly infringed and continues to directly infringe one or more claims of the '329 patent in this judicial district and elsewhere in Delaware and the United States, including at least claim 9 by, among other things, making, using, offering for sale, and/or selling messaging gateways. These gateways 1) receive messages that originate as SMS messages from mobile devices, 2) convert the received messages into HTTP messages, and 3) send the HTTP messages over a communication path, such as the Internet, to an Internet server. As part of the infringing process, Defendant then allows the Internet server to send messages back to the mobile device through the gateway.

11. Defendant has had knowledge of the '329 patent and knew, or should have known, of its infringement thereof based at least on filing and service of this Complaint and by notice letter dated August 23, 2013, which explained the technology disclosed by the '329 patent and certain infringement by Defendant. See Exhibit B.

12. Despite having knowledge of the '329 patent and the basis for its infringement of the '329 patent, Defendant nevertheless continued its infringing conduct and disregarded an objectively high likelihood that it infringes the '329 patent; thus, Defendant's infringing activities relative to the '329 patent have been, and continue to be, willful, wanton and deliberate in disregard of the '329 patent.

13. MGS has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to MGS in an amount that adequately compensates MGS for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,750,183)

14. MGS incorporates paragraphs 1 through 6 herein by reference.

15. MGS is the assignee of the '183 patent, entitled "Mobile-Originated to HTTP Communications," with ownership of all substantial rights in the '183 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '183 patent is attached as Exhibit C.

16. The '183 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17. Defendant has directly infringed and continues to directly infringe one or more claims of the '183 patent in this judicial district and elsewhere in Delaware and the United States, including at least claim 20 by, among other things, making, using, offering for sale, and/or selling computer systems for facilitating two-way communication process between an Internet server and a mobile device. Defendant first receives messages using a computer system, which could be a messaging gateway. The received messages originate at a mobile device as short code SMS messages. The Defendant's computer system then inserts the content of the received message into an Internet Protocol message, such as an HTTP message. Defendant then delivers these messages to an Internet server that is associated with the short code to which the mobile originated SMS text message was sent.

18. MGS has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to MGS in an amount that adequately compensates MGS for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

MGS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

MGS requests that the Court find in its favor and against Defendant, and that the Court grant MGS the following relief:

a. Judgment that one or more claims of the '329 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of the '329 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant.

c. Judgment that one or more claims of the '183 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

d. Judgment that Defendant account for and pay to MGS all damages to and costs incurred by MGS because of Defendant's infringing activities and other conduct complained of herein;

e. Judgment that Defendant account for and pay to MGS a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

f. That MGS be granted pre judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

g. That MGS be granted such other and further relief as the Court may deem just and proper under the circumstances.

DEVLIN LAW FIRM LLC

/s/ Timothy Devlin
Timothy Devlin (#4241)
1220 N. Market Street
Suite 850
Wilmington, DE 19801
(302) 449-9010

*Attorneys for Plaintiff Messaging Gateway Solutions, LLC*

OF COUNSEL:

Barry J. Bumgardner
Brent N. Bumgardner
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111


June 11, 2014